IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-50-H-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MICHAEL JAMES WINTERS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, his wife. Defendant introduced into evidence a letter from defendant's employer. The court also reviewed the pretrial services report, announcing several revisions in the criminal history portion of it based on further review by probation officers of defendant's criminal history. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

Defendant was indicted on 15 February 2012 with possession of firearms—three rifles and a shotgun—and ammunition by a convicted felon on 31 October 2011 in violation of 18

U.S.C. §§ 922(g)(1) and 924.  The evidence presented at the hearing showed that the charges arise from a search of defendant's residence on the alleged offense date by North Carolina probation officers.  They found in defendant's bedroom one rifle in plain view and the other firearms under the bed.  There was also ammunition in the bedroom.  Ammunition was also found in the living room in front of a gun cabinet that appeared to be large enough to hold the four firearms.

At the time of the search, defendant had been convicted of two felonies:  indecent liberties with a child and failure to register as a sex offender.  (The New York sexual offense listed on page 2 of the pretrial services report was a misdemeanor, not a felony.)  He was in custody on the failure to register conviction from the date of conviction, 30 September 2008, until 2 April 2010, at which time a 24-month period of probation began on the indecent liberties conviction.

The law requires that defendant be detained pending trial based on the following principal findings and reasons:  the strength of the government's case against defendant; his criminal history, including the 2 felony convictions, 7 misdemeanor convictions (the first offense listed in the criminal history section of the pretrial services report on page 3 was an infraction and the year of the offense was 1995), two formal probation violations, a pending charge against defendant for Sex Offender/Child on Premises, incurred on 16 February 2012 during his ongoing term of probation, for attending his child's basketball game, and defendant's otherwise poor performance while on his current term of probation; the danger of continued firearm possession and violation of sex-offender restrictions by defendant if he were released; the unsuitability of the proposed third-party custodial arrangement because of the proposed custodian's apparent acquiescence in the presence of at least one of the firearms (the rifle in plain view) in her home

in violation of her husband's conditions of probation, her testimony that she did not believe her husband committed the indecent liberty charge and simply pled guilty to it because they could not afford the requisite legal representation, her further testimony that the New York sexual offense conviction was also baseless, defendant's present status as the sole earner in the family (giving the proposed custodian an intense incentive not to report him), and the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, the letter from defendant's employer states that he is a valued employee and could return to his job if released. But his employment has not deterred him from criminal conduct. Defendant also argued that if were detained, his son, a high school senior, might drop out of school and go to work to support the family. It would, of course, be tragic for the son to be victimized by defendant's conduct in this manner. That possibility, though, does not vitiate the otherwise compelling case for detention.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of March 2012.

James E. Gates
United States Magistrate Judge